UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARYL OVERY,

                Plaintiff,

– against –

JOSE CESTONA, TURNAROUND, and
R. ROMAN TRUCK LEASING INC.,

                Defendants.

OPINION & ORDER

22-cv-09382 (ER)

Ramos, D.J.:

        Daryl Overy bought this action against Jose Cestona, Turnaround, and R. Roman Truck Leasing, Inc. (collectively, "Defendants") on October 11, 2022, seeking to recover for personal injuries allegedly arising out of a motor vehicle accident on June 26, 2020, on the Major Deegan Expressway in Bronx County. Doc. 1-2 ¶¶ 14–21.

        Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 41(b) for failure to prosecute and Rules 16(f) and 37(b)-(d) for failure to comply with court orders. Doc. 40. For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

I.    BACKGROUND

    A. Factual Background

        Overy alleges that Cestona was employed by R. Roman Truck Leasing and drove a tractor registered to Turnaround. Doc. 1-2 ¶¶ 9–16. Overy asserts that on June 26, 2020, while driving northbound on the Major Deegan Expressway in the Bronx, Defendants' tractor "came into contact with the [Overy's] automobile" while changing lanes. *Id.* ¶ 19; *see also* Doc. 41-2.

        According to Overy, the accident was wholly a result of Defendants' negligence because Cestona was driving the vehicle at "an excessive rate of speed" that exceeded the legal limit and failed to use the rearview and side mirrors and proper signals, resulting in

the car accident. Doc. 1-2 ¶¶ 20–21. Overy alleges he sustained a serious injury within the meaning of Section 5102(d) of the Insurance Law of the State of New York and will require medical treatment, as well as economic and non-economic losses. *Id.* ¶¶ 22–25.

The Police Accident Report states that both vehicles sustained minor damage and that the involved parties did not report any injuries, and that no medical treatment was rendered. *See* Doc. 41-2.

### B. Procedural Background

Overy commenced this action by filing a complaint in the Supreme Court of the State of New York, Bronx County on October 11, 2022. Doc. 1-2. Defendants removed the case to this District on the basis of diversity of citizenship on October 31, 2022. Doc. 1. Defendants filed an answer on November 16, 2022. Doc. 9.

At Defendants' request, the deadline to complete discovery was extended twice between May 2023 and August 2024. Docs. 13, 22, 24. Overy and Cestona were deposed on August 22 and September 12, 2023, respectively.

The Court held a conference on December 5, 2024, at which it granted the law firm Duffy & Duffy's motion to be relieved as counsel for Overy. The Court then issued an Order relieving Duffy & Duffy and directing: (1) Duffy & Duffy to provide a copy of the Order to Overy; and (2) Overy to report to the Court by January 3, 2025, whether he obtained new counsel or is proceeding *pro se*. Doc. 36. As directed, Duffy & Duffy mailed the December 5, 2024 Order to Overy on December 6, 2024 via Fed Ex, and it was delivered to his home address on December 9, 2024. Doc. 37.

On February 28, 2025. Nearly two months after the deadline imposed by the Court, Defendants filed a letter requesting leave to proceed with the instant motion. Doc. 38. The Court granted Defendants leave on April 1, 2025. Defendants filed the instant motion on April 21, 2025, Doc. 40, and served it on Overy on April 21, 2025 by Fed Ex Delivery and Certified Mail Return Receipt Requested at Overy's last known address. Doc. 44. Overy did not file an opposition to the motion at any point between April 2025

2

and October 2025.  On October 8, 2025, the Court directed Overy to file an opposition to Defendants' motion to dismiss by November 7, 2025 and warned that failure to do so may result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Doc. 43.  Overy again failed to file an opposition to the motion by the deadline and has not requested any extensions.

II.     **LEGAL STANDARD**

Rule 16(f) (1) of the Federal Rules of Civil Procedure provides that "if a party … fails to obey a scheduling or other pretrial order," the court "may issue any just orders including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed.R.Civ.P. 16(f)(1).  Rule 37(b)(2)(A)(v), in turn, authorizes dismissal of the action as a sanction.  Fed.R.Civ.P. 37(b)(2)(A)(v).  Dismissal with prejudice is an appropriate sanction for a plaintiff's failure to prosecute a claim.  Fed.R.Civ.P. 41(b).

In pertinent part, Rule 41(b) states that a defendant may move to dismiss an action or any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b).  Additionally, "[u]nless the dismissal order states otherwise," a dismissal under Rule 41(b) "and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." *Id.*  District courts have discretion to effect dismissal pursuant to Rule 41(b). *See Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *1 (S.D.N.Y. July 17, 2000) (citing *Nita v. Connecticut Department of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994); *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)).  The Second Circuit has cautioned, however, that the discretion to dismiss a case under Rule 41(b) should be exercised sparingly and only when the district judge is "sure of the impotence of lesser sanctions." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir.1980).

III.    **DISCUSSION**

In determining whether dismissal is appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Spencer v. Doe*, 139 F.3d 107, 112–13 (2d Cir. 1998) (citations omitted); *see also Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). Here, all five factors favor dismissal of Overy's Complaint.

   1. *Duration of Delay*

"[T]he first factor consists of two related inquiries: first, whether 'the failures were those of the plaintiff,' and second, whether the 'failures were of significant duration.'" *Kent v. Scamardella*, No. 07-cv-44 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (quoting *Spencer*, 139 F.3d at 113). Here, the failures lie squarely with Overy.

Defendants assert that since the depositions were completed in September 2023, Overy has failed to exchange expert discovery linking his alleged injuries to the car accident despite the requests for extension of the discovery deadlines. Doc. 42 at 8. Despite being on notice that his attorney filed a motion to withdraw on August 22, 2024, Overy did not file an opposition, nor did he appear the Case Management Conference that took place on December 5, 2024. Overy also failed to produce any relevant documents although he had attorney representation up until December 5, 2024, when his counsel's motion to withdraw was granted at the conference. Moreover, Overy's former counsel, Duffy & Duffy, mailed him via Fed Ex on December 9, 2024 the Court's order requiring him to inform the Court, by January 3, 2025, whether he obtained new counsel or is proceeding *pro se*. Doc. 37. Overy failed to comply with the Order. The second inquiry relates to the duration of the delay in prosecution. There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances. *See*

4

*United States ex rel. Drake v. Norden Systems*, Inc., 375 F.3d 248, 255 (2d Cir.2004) (holding seventeen-month delay in prosecution to be significant); *Quattlebaum v. McDonald*, No. 10-cv-1143 (MAD) (RFT), 2012 WL 386724, at *3 (N.D.N.Y. Feb. 6, 2012) (finding delay of five weeks to be significant).

Here, eleven months have passed since the January 3, 2025 deadline to notify this Court or defense counsel of his intentions, and he has failed to do either. Overy's delay has therefore been significant. Consequently, the first factor weights in favor of dismissal.

2. *Notice*

Overy was on notice that that further delay would result in dismissal. On February 28, 2025, Defendants filed a letter motion for leave to file a motion to dismiss for failure to prosecute. Doc. 28. The Court granted the letter motion on April 1, 2025—one month after the initial motion was filed. Doc. 39. Notably, Overy did not oppose the letter motion, nor has he opposed the motion to dismiss, which was filed on April 21, 2025. Doc. 40. This factor therefore weighs in favor of dismissal.

3. *Prejudice*

Whether the defendants have been prejudiced "'turns on the degree to which the delay was lengthy and inexcusable.'" *United States v. Gellerstein*, No. 08-cv-2702 (KAM) (JO), 2011 WL 710446, at *6 (E.D.N.Y. Feb. 22, 2011) (quoting *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 256 (2d Cir. 2004)). "Thus, where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'" *Id.* (quoting *Drake*, 375 F.3d at 256).

Here, Overy has not responded to his former attorney's motion to withdraw, the Court's Order that he must contact the Court regarding his plans to secure new counsel or proceed *pro se* or otherwise face sanctions including possible dismissal for failure to prosecute, nor Defendants' request to proceed with the motion to dismiss. *Dong v. United States*, No. 02-cv-7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004)

("[Plaintiff's] totally unexplained disappearance is manifestly unreasonable … and therefore presumptively prejudices [Defendants]."). Therefore, this factor weighs in favor of dismissal.

    4. *Court Congestion*

"There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "Thus, if a plaintiff's failure to prosecute is 'silent and unobtrusive rather than vexatious and burdensome,' the delay does not burden the court sufficiently to warrant dismissal." *United States v. Gellerstein*, No. 08-cv-2702 (KAM) (JO), 2011 WL 710446, at *7 (E.D.N.Y. Feb. 22, 2011) (internal quotations and citations omitted).

Here, Defendants argue that Overy "has shown no interest in prosecuting this case" and that he "disregarded multiple scheduling orders, failed to respond to his attorney's motion to withdraw, failed to respond to this Court's order directing that he inform the Court of his intent by January 3, 2025, or face a motion for failure to prosecute, and failed to respond to defense counsel's request to proceed with this motion." Doc. 42 at 11. This is not a sufficiently extreme effect to overcome Overy's due process interests. Thus, this factor favors Overy.

    5. *Lesser Sanctions*

Finally, since dismissal is a harsh sanction, a court must consider whether less severe sanctions would be sufficiently effective. *Zaretsky v. Zaretsky*, No. 10-cv-3771 (SJF) (ETB), 2011 WL 8085263, at *4 (E .D.N.Y. Oct. 13, 2011); *Jenkins v. City of New York*, 176 F.R.D. 127, 130 (S.D.N.Y. 1997) ("[D]ismissal is appropriate only when lesser sanctions would be ineffective."). Here, lesser sanctions would be ineffective given Overy's history of non-compliance with Court orders. Doc. 42 at 11.

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice."

6

*Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal citation and quotation marks omitted).  Because Overy has failed to comply with any of the Court's orders, despite receiving explicit warnings about the consequences, this case should be dismissed.

IV.     **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 40, and close the case.

It is SO ORDERED.

Dated:   November 10, 2025
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.